UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

               v.                             5:26-MJ-0039
                                                  (ML)

LUCAS PEREIRA,

               Defendant.

_____

APPEARANCES:                                    OF COUNSEL:

UNITED STATES ATTORNEY'S         CARLING DUNHAM, ESQ.
OFFICE FOR THE NORTHERN         KEVIN CHEUNG, ESQ.
DISTRICT OF NEW YORK           Assistant United States Attorneys
  Counsel for the Government
14 Durkee Street, Room 304
Plattsburgh, New York 12901

HON. ERIC K. SCHILLINGER       GABRIELLE DIBELLA, ESQ.
Federal Public Defender for the      COURTENAY K. MCKEON, ESQ.
Northern District of New York      Assistant Federal Public Defenders
  Counsel for the Defendant
4 Clinton Square, 3rd Floor
Syracuse, New York 13202

MIROSLAV LOVRIC, United States Magistrate Judge

## DECISION & ORDER

Defendant Lucas Pereira has been charged by a criminal complaint charging him with

violating 8 U.S.C. § 1325(a)(2), "eluding examination or inspection by immigration officers."

(Dkt. No. 1 ["the Complaint"].)  Since Defendant is charged with a petty offense, this matter is

before the Court pursuant to Fed. R. Civ. P. 58.  Currently before the Court is Defendant's

motion to dismiss the criminal complaint.  (Dkt. No. 14.)  For the reasons set forth below,

Defendant's motion is granted.

## I.    BACKGROUND

A detention hearing was held on February 25, 2026, during which, Defendant's counsel contended that because 8 U.S.C. § 1325(a)(2) is not a continuing violation, the statute of limitations expired.  (Minute Entry dated 02/25/2026.)  The Court directed the parties to file briefs and continued the hearing to March 3, 2026.  (*Id.*)

On March 2, 2026, the Government filed a memorandum of law.  (Dkt. No. 10.)  The Government asserted the following two arguments: (1) the Court should order Defendant detained based on the factors set forth in 18 U.S.C. § 3142(g), and (2) 8 U.S.C. § 1325(a)(2) is a continuing offense so (a) venue in this district is proper, and (b) there is no statute of limitations violation.  (*See generally id.*)

On March 2, 2026, Defendant filed a letter requesting that the Court release him because (1) the weight of the evidence against Defendant is weak given that (a) the charge is barred by the statute of limitations, (b) the complaint does not state facts sufficient to establish probable cause that he "eluded examination or inspection by immigration officers," and (c) venue is not appropriate in this district, and (2) Defendant's history and characteristics weigh in favor of release.  (Dkt. No. 11.)

On March 3, 2026, the Court continued Defendant's detention hearing.  (Minute Entry dated 03/03/2026.)  The Court continued the hearing to April 2, 2026, and granted Defendant's Letter to the extent that he was permitted to file an appropriate motion regarding the issues he highlighted in Letter (Dkt. No. 11.)  (Dkt. No. 13.)

On March 13, 2026, Defendant filed the pending motion to dismiss.  (Dkt. No. 14.)

2

## II.    BRIEFING ON THE MOTION

### A.    Defendant's Motion

Generally, in support of his motion to dismiss, Defendant asserts the following three arguments: (1) the charge is barred by the statute of limitations and the Complaint must be dismissed with prejudice, (2) the Complaint fails to state an offense, and (3) venue is not appropriate in this district. (*See generally* Dkt. No. 14, Attach. 1.)

More specifically, with respect to his first argument, Defendant asserts that the crime of eluding examination and inspection is completed when a person enters the United States without being examined or inspected. (Dkt. No. 14, Attach. 1 at 3.) Defendant asserts that the crime is complete at the time of entry and not some later date when the individual is encountered elsewhere. (*Id.*) Hence, Defendant argues that 8 U.S.C. § 1325(a)(2) is not a continuing offense. (*Id.* at 3-7.) Defendant asserts that the statute of limitations under 8 U.S.C. § 1325(a)(2) is five years and because the Complaint alleges that he entered the United States more than five years ago—in 2016—the charge is barred by the statute of limitations and must be dismissed with prejudice. (*Id.* at 8.)

With respect to his second argument, Defendant asserts that the Complaint contains no facts suggesting that he "eluded examination or inspection by immigration officers" within the meaning of 8 U.S.C. § 1325(a)(2) because it is a crime that can only be committed at a port of entry. (Dkt. No. 14, Attach. 1 at 8.) Defendant argues that the Complaint does not allege any facts that Defendant engaged in any particular type of conduct at a port of entry and thus, fails to state an offense. (*Id.* at 9.)

With respect to his third argument, Defendant asserts that the United States Constitution guarantees a criminal defendant the right to be tried in the state and district in which the charged

crime "shall have been committed." (Dkt. No. 14, Attach. 1 at 9 [citing U.S. Const. Art. III, § 2, cl. 3.].) Defendant argues that the complaint alleges that he entered the United States across the southern border in 2016 and no part of the southern border lies within the Northern District of New York. (*Id*. at 10.) Defendant argues that therefore, venue is not appropriate in this district, and the Complaint must be dismissed. (*Id*.)

### B.      Government's Response

Generally in opposition to Defendant's motion, the Government asserts the following two arguments: (1) venue is proper in this District and there is no statute of limitations violation, and (2) the Complaint sufficiently states an offense. (*See generally* Dkt. No. 17.)

More specifically, with respect to its first argument, the Government argues that 8 U.S.C. § 1325(a)(2) is a continuing offense, rendering venue in the Northern District of New York proper. (Dkt. No. 17 at 4.) The Government argues that the word elude is "understood to mean much the same as the word 'escape'" and linguistically both words express an ongoing act. (*Id*. at 5-6; *accord id*. at 11-12.) The Government argues that "elude" in Section 1325(a)(2) encompasses both the initial act of avoiding inspection at the moment the person crosses the border <u>and</u> the act of continuing to avoid inspection and thus, venue necessarily lies in both locations where such acts occur. (*Id*. at 6-7.) Moreover, the Government asserts that Section 1325(a)(2) does not include the word "entry"—as Section 1325(a)(1) and Section 1325(a)(3) do—which further supports the interpretation that eluding inspection is a continuing offense. (*Id*. at 8.) The Government asserts that numerous other continuing offenses are found in nearby sections of Title 8, which suggests that Congress believes that immigration crimes are generally of a continuing nature. (*Id*. at 9.) Further, the Government asserts that because 8 U.S.C. Section 1225 is clear that the duty to inspect is ongoing, so too is the duty to submit to inspection

pursuant to Section 1325.  (*Id*. at 10.)  The Government argues that the canon of constitutional avoidance favors interpreting Section 1325(a)(2) as a continuing violation because to conclude otherwise would render unconstitutional the venue provision for Section 1325(a)(2)—8 U.S.C. § 1329.  (Dkt. No. 17 at 12-13.)  The Government argues that its interpretation of Section 1325(a)(2) does not violate the rule of lenity set forth in *United States v. Davis*, 588 U.S. 445 (2019) because it does not subject those who elude inspection greater punishment and in any event, the avoidance canon confirms its reading of the statute such that there is no sound basis for turning to the rule of lenity.  (*Id*. at 14-15.)

The Government argues that the Fourth Circuit decision in *United States v. Cavillo-Rojas*, 510 F. App'x 238, 248 (4th Cir. 2013) is inapposite here because it did not distinguish between Section 1325(a)(1) and Section 1325(a)(2).  (Dkt. No. 17 at 15.)  The Government asserts that the Circuit Court focused on the word "enter" in Section 1325(a)(1) and juxtaposed that verb with the language in Section 1326, but did not separately consider Section 1325(a)(2)'s use of the verb "elude."  (*Id*.)

Moreover, the Government argues that the Ninth Circuit decision in *United States v. Corrales-Vazquez*, 931 F.3d 944, 948, (9th Cir. 2019) is a stand-alone decision holding that 1325(a)(2) violations can only be committed "where and when examinations or inspections take place—at open ports of entry" but no other Circuit Court or District Court has issued such a limited holding.  (Dkt. No. 17 at 15-16.)  The Government argues that this District has adjudicated hundreds of convictions pursuant to Section 1325(a)(2) for entering the United States at places other than a port of entry.  (*Id*. at 16.)  The Government asserts that one may elude examination or inspection where such examinations or inspections occur like an open port of

5

entry or by avoiding the location at which such examinations and inspections occur and the effect is the same.  (*Id*.)

The Government argues that because Section 1325(a)(2) is a continuing offense and Section 1329 explicitly states that venue lies where an alien is apprehended, venue for Defendant's Section 1325(a)(2) charge is properly in the Northern District of New York.  (Dkt. No. 17 at 16.)  Moreover, because Section 1325(a)(2) is a continuing offense, the statute of limitations began to run when Defendant was apprehended on February 18, 2026.  (*Id*. at 16-17.)

With respect to its second argument, the Government argues that the Complaint sufficiently states an offense because Section 1325(a)(2) does not contain any requirement that the Government must prove a specific port of entry to which the defendant failed to report.  (Dkt. No. 17 at 17.)  The Government argues that indeed, there are hundreds of Class A ports of entry across the United States that Defendant could have reported to but he did not report to any of them over the approximately ten years that he was present including on February 18, 2026, before his apprehension.  (*Id*.)

## III.    LEGAL STANDARD GOVERNING A MOTION TO DISMISS

"Since federal crimes are solely creatures of statute," a defendant may move to dismiss any count in a charging instrument "on the ground that it fails to allege a crime within the terms of the applicable statute."  *United States v. Aleynikov*, 676 F.3d 71, 75-76 (2d Cir. 2012); *see also* Fed. R. Crim. P. 12(b)(3)(B)(v).  A pretrial motion to dismiss generally may not resolve questions about the sufficiency of the Government's evidence, and a court must assume that the allegations contained in the charging instrument are true.  *See United States v. Benjamin*, 95 F.4th 60, 64 (2d Cir. 2024); *United States v. Sampson*, 898 F.3d 270, 278-79 (2d Cir. 2018).  But where a defendant moves to dismiss an instrument "solely upon an issue of law, and not fact," a

6

court may resolve the legal dispute before trial. *United States v. George*, 223 F. Supp. 3d 159, 163 (S.D.N.Y. 2016).

Defendant's Motion raises purely legal arguments as to whether 8 U.S.C. § 1325(a)(2) is a continuing violation and where it is committed. *See Aleynikov*, 676 F.3d at 76 ("The sufficiency of an indictment and the interpretation of a federal statute are both matters of law . . . .").

## IV.    ANALYSIS

After carefully considering the matter, Defendant's motion to dismiss is granted. Title 8 U.S.C. Section 1325(a)(2) is not a continuing offense and thus, the statute of limitations has expired.

Section 1325(a) provides that "Any alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact" is guilty of a petty offense. 8 U.S.C. § 1325(a). The statute of limitations under 8 U.S.C. § 1325(a)(2) is five years. 18 U.S.C. § 3282(a); *United States v. Cavillo-Rojas*, 510 F. App'x 238, 248 (4th Cir. 2013).

The Supreme Court has instructed that for statute of limitations purposes the Court should not construe a crime as a continuing offense "unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *United States v. Toussie*, 397 U.S. 112, 115 (1970).

Section 1325(a)(2) contains no explicit direction from Congress that the offense described was intended to be a continuing one.  Hence, the Court must consider whether the nature Section 1325(a)(2) is such that Congress must assuredly have intended that it be treated as a continuing one.  The Court finds that it is not and thus concludes that Section 1325(a)(2) is not a continuing offense.

The law is settled that offenses pursuant to Section 1325(a)(1) and Section 1325(a)(3) are not continuing.  *United States v. Ongaga*, 820 F.3d 152, 160-61 (5th Cir. 2016) (holding that offense pursuant to 8 U.S.C. § 1325(a)(3) is non-continuing); *United States v. Rojas*, 718 F.3d 1317, 1320 (11th Cir. 2013) (same); *see United States v. Cores*, 356 U.S. 405, 408 n.6 (1958) (noting that the crime of illegal entry set out in 8 U.S.C. § 1325 is "not [a] continuing one[], as 'entry' is limited to a particular locality and hardly suggests continuity."); *United States v. Rivera-Ventura*, 72 F.3d 277, 281 (2d Cir. 1995) ("The offense of illegal entry or illegal attempt . . . is complete as soon as the entry or attempt is made.").  Logic dictates that if Congress intended that Section 1325(a)(2) be a continuing offense—which sits between these two non-continuing offenses—it would have said so.  Furthermore, the Government has not identified—nor is the Court familiar with—any criminal statute that includes different statute of limitations applicable to its subsections.  The Court has no basis to conclude that Congress intended that outcome with respect to 8 U.S.C. § 1325.

This conclusion is further highlighted when contrasting 8 U.S.C. Section 1325 with 8 U.S.C. Section 1326.  Section 1326 applies after a person is removed from the United States and states that it is a crime for such person to re-enter or be "at any time found in the United States." 8 U.S.C. § 1326(a)(2).  Despite using the same verbs—"enter" or "attempt to enter"—Section 1325 is lacking the "found in" language that would make it a continuing offense like Section

1326.  *United States v. Diaz-Diaz*, 135 F.3d 572, 577 (8th Cir 1998) (quoting *United States v. Gomez*, 38 F.3d 1031, 1034-35 (8th Cir. 1994)).  If Congress intended to make illegal entry by eluding inspection a continuing offense, it could have amended Section 1325 when it amended Section 1326 to add the "found in" language to Section 1325.[1]  It did not and the Court cannot conclude that Congress "must assuredly have intended" to make § 1325(a)(2) a continuing violation.[2]

Moreover, "[o]ne of the most basic interpretive canons" is "[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant[.]"  *Corley v. United States*, 556 U.S. 303, 314 (2009) (quoting *Hibbs v. Winn*, 542 U.S. 88, 101 (2004)).  "This principle . . . applies to interpreting any two provisions in the U.S. Code, even when Congress enacted the provisions at different times."  *Bilski v. Kappos*, 561 U.S. 593 (2010).

---

[1]    First *compare* Act of Mar. 4, 1929, Pub. L. No. 70-1018, § 1, 45 Stat. 1551, 1551 (codified at 8 U.S.C. § 180 (Supp. III 1925), https://www.loc.gov/item/uscode1925-004008006/), *with* Act of June 27, 1952, Pub. L. No. 82-414, ch. 477, § 276, 66 Stat. 163, 229 (re-codified as amended at 8 U.S.C. § 1326) ("enters or attempts to enter" changed to "enters, attempts to enter, or is at any time found in"); and then *compare* Act of Mar. 4, 1929, Pub. L. No. 70-1018, § 2, 45 Stat. 1551, 1551 (codified at 8 U.S.C. § 180a (Supp. III 1925), https://www.loc.gov/item/uscode1925-004008006/), *with* Act of June 27, 1952, Pub. L. No. 82-414, ch. 477, § 275, 66 Stat. 163, 229 (re-codified as amended at 8 U.S.C. § 1325) ("eludes examination or inspection" remains unchanged).

[2]    The District Court for the Middle District of Florida noted that "proposed legislation for 8 U.S.C. § 1325, which criminalized illegal entry in[]to the United States, seeks also to criminalize the unlawful presence of an alien in order to bring this provision in line with the 'found in' offense in Section 1326." *United States v. Garcia*, 08-CR-0081, 2008 WL 2856753, at *16 n. 26 (M.D. Fla. July 22, 2008) (citing H.R. 4065, 110th Cong. § 203 (1st Sess. 2007) (proposing to add "unlawful presence" to offense definition in Section 1325); H.R.Rep. No. 109-345, Part I at 61 (2005) (though never enacted, the bill that this Report discusses is described as intended to bring Section 1325 "into harmony" with the "found in" offense of Section 1326 by making it a crime "for an alien to be 'present in the United States in violation of the immigration laws or regulations prescribed thereunder' ")).  Hence, Congress *has* considered making it an offense to be found in the United States but has declined to do so.

Aliens who enter the United States are required to register and be fingerprinted. 8 U.S.C. § 1302(a). The failure to register is a separate crime. 8 U.S.C. § 1306. This crime would be superfluous if eluding inspection was a continuing offense. If living in the United States without reporting for inspection at the nearest port of entry or to the nearest immigration official is a crime, there is no need to separately penalize aliens who fail to register once they enter the country. *See generally I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1038 (1984) (citing both section 1325 (illegal entry) and sections 1302 and 1306 (failure to register statutes) for the proposition that "entering or remaining unlawfully in this country is . . . a crime").

"Because the[ ] examinations and inspections" referenced in § 1325(a)(2) "are to take place at the time of entry, a fixed point in time," the limitations period begins to run "as of the time of the illegal entry." *United States v. Rincon-Jimenez*, 595 F.2d 1192, 1193-94 (9th Cir. 1979). The Complaint alleges that Defendant entered the United States in 2016, therefore the charge is barred by the statute of limitations. (Dkt. No. 1 at ¶ 7.)

As a result, Defendant's prosecution is barred by the statute of limitations and the Complaint is dismissed with prejudice.[3]

**ACCORDINGLY**, it is

---

[3]     Given this conclusion, the Court does not make any ruling regarding Defendant's other arguments.

10

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED with prejudice**.

Dated: April 2, 2026

Miroslav Lovric
U.S. Magistrate Judge
N.D.N.Y.